Murtagh, Thomas R., J.
The Court has now had the opportunity to review the mass of material submitted by the parties concerning the attachment requests made by plaintiffs and the oppositions and requests for dissolution made by various defendants.
Since the hearing on this matter in late November, the Court has received, in addition to oppositions and supplemental papers requested by December 1, 2006, plaintiffs’ “emergency” motion to file emergency reply to defendants’ opposition with a written memorandum and a number of exhibits attached. In response the Court received defendants’ opposition and from an emergency reach and apply defendant a motion to strike plaintiffs’ emergency motion to file an emergency reply. No request, as required by Superior Court Rule, was made to the Court seeking permission to file such additional papers. Although the Court has plowed through all the material forwarded to the Court, the Court is informing all counsel that their perceived need to obtain the last word will not be indulged. The Court intends in the future to strictly enforce rules governing submissions to the Court. No reply memoranda should ever be submitted with a request to the Court for permission to file a reply. If this directive is violated, the request will automatically be denied.
Turning to the controversies concerning the real estate, trustee and reach and apply attachments, after a detailed review of the submissions of the parties, the Court makes the following rulings.
Real estate attachments previously granted as to defendants White B. Realty Trust, Gary Cato, Dante A. Mallegni will stay in place. Based upon and limited to the information provided to the Court, plaintiffs have demonstrated some likelihood of success on the merits against these defendants. White B. Really Trust sold the residence to plaintiffs and which now appears to have significant deficiencies. Cato was the actual builder and held the building supervisor’s license and he may have been responsible for consciously violating codes and regulations governing one- and two-story residential buildings. Mallegni appears to have been in business with Cato as developers and may bear responsibility for any wrongdoing by Cato.
As to Carlos Ferreira and C.F. Engineering, plaintiffs have not presented evidence to demonstrate deficiencies in their performance. It appears that they issued compliance certificates to the Town of Southborough concerning a wood deck’s structural integrity and the fact that at least 50% of basement was below grade. The plaintiffs challenged the authority of these defendants to make the certifications but Ferreira has provided CMR support for the existence of such authority. The substance of the certification does not appear to be challenged by plaintiffs. As to the retaining wall and the scaled drawing prepared by Ferreira and his company, plaintiffs have not pointed to any deficiency in the drawing and have not provided evidence at this point that such drawing was employed by Cato when he built the actual wall.
As to all other named defendants, the real estate attachments granted by the Court are dissolved. Concerning Authentic Traditions, LLC the plaintiffs have not presented anything showing that the entity played a part in their acquisition of the property at issue or in constructing the residence thereon. As to the RE/MAX defendants (George Joseph, William Wright, RE/MAX Executive Really and Paula A. Spinazola), the evidence presented to the Court thus far does not demonstrate a likelihood of success. In the case of Joseph and Wright, it appears that they had no direct relationship with the plaintiffs concerning the transaction at issue. They appear to be sued simply because they were directors of RE/MAX Executive Realty and because Spinazola, who was involved in the transaction with the plaintiffs and defendants White B. Realty Trust and Cato. If Spinazola were guilty of wrongdoing then perhaps her employer or an entity held out to be her employer might also be responsible. This might extend as far as RE/MAX Executive Really but a lot more would need to be shown by plaintiffs to extend liability to Wright and Joseph. Even as to Spinazola, however, plaintiffs have not set forth evidence demonstrating a reasonable likelihood of success. The Court finds no merit to misrepresentation claims based on statements that Cato owned the properly when he did *187 not. The seller, White B. Realty Trust, was able to transfer title at closing and that was all that was promised to plaintiffs. As any comments she made about the design and Frank Busa’s involvement, there has been evidence presented that plaintiffs themselves selected a Busa design, made modifications to it and understood Busa’s role and qualifications. As to engineering and construction approvals, aside from naked allegations, there was no evidence before the Court that Spinazola was involved with such approvals or manipulated them in any way. Plaintiffs have at this stage failed to show how Spinazola’s personal relationship with Cato, her alleged tax issues and filing for homestead protection are causally connected to the harm they claim to have experienced from purchasing a seriously flawed residence. Lastly, as to the allegations Spinazola supervised construction and was an employee or partner of Cato, these allegations are highly disputed and supported mainly by simple assertions of the plaintiffs.
Trustee Defendants
Concerning the trustee defendants, the Court grants trustee process of the goods, effects or credits of (a) defendant Cato in the amount of $2 million in the possession of Trustee Middlesex Savings Bank, Wayland, Massachusetts, Citizens Bank Massachusetts and Hometown Bank, a Cooperative Bank, and (b) defendant White B. Really Trust and White B. Road Realty Associates, LLC also in the amount of $2 million in the possession of Trustee Middlesex Savings Bank, Natick, Massachusetts.
Reach and Apply Defendants
The reach and apply attachment of Cathrine A. Joseph concerning 5 Benson Road, Hopkington will not be allowed based on the reasoning of the Court set forth above concerning real estate attachments against the RE/MAX defendants, including George Joseph. And, to the extent any such attachment outstanding, it is hereby dissolved.
The attachment of the property at 19 White Bagley Road and held by Patricia Ferreira, Trustee of 19 White Bagley Road Trust is also dissolved and to the extent outstanding is hereby dissolved. The case against Mr. Ferreira and his company has not been supported by sufficient evidence to make it likely that plaintiff will succeed against them. Without such a showing no attachment against Mr. Ferreira is warranted. In addition, the transfer of this property took place nine months before any claim by plaintiffs surfaced and the transfer was apparently effectuated for reasonable value and, on the evidence thus far presented, was not made to defraud creditors.
Concerning Broad at Elm Realty Associates, LLC, the transfer of property to it by White B. Realty Trust does not appear intended to defraud creditors but rather to dispose of property to a third party willing to pay fair value. Apparently there is in addition to Cato and Mallegni another party, with an interest in Elm Realty Associates who will incur further carrying costs on the property if not sold. The Court therefore denies a reach and apply attachment on the property held by Broad at Elm Realty Associates, Inc. and dissolves any such attachment outstanding. However, the Court orders Broad at Elm Really Associates, Inc. to hold and report to the Court concerning any proceeds from the sale of the property net of mortgage payments, taxes and other cost associated with closing the transaction.
As to White B. Road Realty Associates, LLC, the Court grants plaintiffs an attachment on the proceeds of the sale of 16 Oregon Road, Southborough, Massachusetts which were received and are now held by White B. Road Realty Associates, LLC.